BILLEE BAKER, PLAINTIFF, v. ANTHONY TURANO, SAM SHAMES, RED TOP TAXICAB CORPORATION, OR IN THE ALTERNATIVE, JOSEPH DUNSKY, DOING BUSINESS AND TRADING AS RED TOP TAXICAB CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Submitted May 16, 1930—Decided December 12, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *George F. Seymour, Jr.*

*Contra, Kitay & Kreiger* (*Peter J. McGinness,* of counsel).

PER CURIAM.

This is the rule to show cause obtained by the defendants Sam Shames and Red Top Taxicab Corporation, why plaintiff's verdict for $10,000 should not be set aside.

It is first said that there was error in the refusal to nonsuit. We think not. Plaintiff was a professional singer and dancer. On the night of the accident she had been performing' at Nutley. After the performance she went to Newark intending to take the tube train to New York. She was accompanied by a girl friend. They had intended to take the train at three-thirty A. M., but they missed that train. The defendant Shames, a taxicab driver, came up and told them that he could make the train to New York by taking them to Journal Square. Plaintiff did not know where Journal

Square was but agreed to give him $2 to drive her there. They started in one of defendant's taxicabs. It had a glass partition between the passengers and the driver.

The evidence tended to show that the driver drove so fast that the plaintiff became scared and she cautioned him not to go so fast. He slowed down, and later started speeding again; she cautioned him again and he slowed down again and then started speeding again and ran into an electric light pole on his left-hand side of the road, and in the collision the plaintiff was thrown through the glass partition and severely injured.

Defendants say she should have been nonsuited because she did not get out of the cab when he speeded. But the testimony does not disclose that she had any opportunity to get out, and she says that she thought, having been cautioned twice, he would heed her admonition.

The defendants say that the judge erred in refusing to charge the defendants' request. We think not. In so far as it was proper it was charged in substance and effect.

The defendants say that the verdict was excessive. We think not. It was for $10,000 and was moderate in amount considering the severity and character of her injuries and their effect upon her earning power, present and prospective.

The rule to show cause will be discharged, with costs.